IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADAM STREGE<br><br>**Plaintiff**<br><br>v.<br><br>ERIC VOS, ET AL<br><br>**Defendants** | **CIVIL NO.** 21-1572 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Plaintiff Adam Strege's ("Plaintiff") filed a *pro se* *Complaint* on November 30, 2021. (Docket No. 2). In its initial pages, Plaintiff references having been in a Puerto Rico Detention Center as well as having been falsely arrested by a "Grand Rapids Michigan Social Security Law Judge" for requesting a Social Security Administration proceeding. Id. at 1-2. The remainder of the *Complaint* consists of variations of the phrase "the Computer Julie 4s will spread the Plague in the Stock Market computers God Loves you[,]" imaginative descriptions of Plaintiff's relatives, and references to seemingly unrelated events. Id. at 3-9. Plaintiff subsequently filed two amended complaints; both of which increased in length but failed to clarify the nature of Plaintiff's claims. (Docket Nos. 18 and 35). It is worth noting that throughout these proceedings, the Court has appointed Plaintiff with **three**

Civil No.  21-1572                                                    Page 2

different pro-bono counsel, all of whom have withdrawn. (Docket Nos. 9, 19, 38). Despite these appointments and the Court's orders, Plaintiff continuously made pro-se filings. (Docket No. 11).

On June 8, 2022, the Court issued the following order: "The Court will not appoint further pro-bono counsel and thus Plaintiff may proceed pro-se... Plaintiff shall show cause why this action should not be dismissed for failure to state a claim upon which relief can be granted." (Docket No. 47). Plaintiff filed a *Motion in Compliance*. (Docket No. 48). Currently pending before the Court are Plaintiff's *Motion Requesting Order Not to Dismiss Case* and *Motion for Default Judgment*. (Docket Nos. 49 and 55).

Fed. R. Civ. P. 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss under this rule, courts must determine whether "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011).

Additionally, 28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it being either: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous

Civil No. 21-1572                                                        Page 3

if "**lacks an arguable basis either in law or in fact**, one that contains either inarguable legal conclusions or fanciful factual allegations." Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990) (citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Second Amended Complaint* for being frivolous and failing to state a claim upon which relief may be granted. The *Second Amended Complaint's* factual averments range from the alleged false arrest, through well-known terrorist attacks, to the end of days.  It references a jumble of legal authorities and texts ranging from the Constitution of the United States and Supreme Court jurisprudence, through the English Bill of Rights of 1869, to the Universal Declaration of Human Rights. Thus, Plaintiff's *Second Amended Complaint* at Docket No. 35 is hereby **DISMISSED WITH PREJUDICE**. Likewise, Plaintiff's *Motion Requesting Order Not to Dismiss Case* at Docket No. 49 and *Motion for Default Judgment* at Docket No. 55 are **DENIED AS MOOT**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 13th day of October 2022.

                                        S/ RAÚL M. ARIAS-MARXUACH
                                        United States District Judge